eFiled
02/21/2023 6:54:50 AM
Superior Court
of the District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**

**ERIC HEMSLEY**
***on behalf of A.T.***
**3417 Martin Luther King Jr. Ave..**
**SE Washington, DC 20032**

**Plaintiff**

**v.** **CASE NO.** 2023-CAB-001056

**DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMENT**
**1730 17TH St. NE**
**Washington, DC 20002**

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**1200 First Street, NE**
**Washington, DC 20002**

**CHICK-FIL-A**
**4505 Wisconsin Ave NW**
**Washington, DC 20016**

**COMPLAINT**

COMES NOW, the Plaintiff, Eric Hemsley, by and through counsel, Albert Amissah, Esq. and Anthony Marsh II, Esq., and sue the Defendants, Metropolitan Police Department, District of Columbia Public Schools, and Chick-Fil-A, and for their claim and cause of action state:

**Parties, Venue and Jurisdiction**

1. Plaintiff is an adult resident of the District of Columbia who resides at 3417 Martin Luther King Jr. Ave., SE.
2. The minor child, who is the subject of this action and the son of the Plaintiff, also resides

at 3417 Martin Luther King. Jr. Ave. SE.

3. Defendant DC Metropolitan Police Department (hereinafter "MPD") is a DC government law enforcement agency and department.

4. Defendant, Chick-fil-A is a restaurant operating at 4505 Wisconsin Ave. NW, in the District of Columbia.

5. Defendant District of Columbia Public Schools is a DC government agency.

6. The events giving rise to this action occurred in the District of Columbia.

7. Pursuant to D.C. Code § 11-921, this Court has subject matter jurisdiction over this matter.

8. This Court has jurisdiction to grant Plaintiff the declaratory relief requested herein pursuant to D.C. Code § 12-301.

**Facts**

9. The instant suit is being brought by Plaintiff, who is the father of the minor child, Ahmed Thorne (DOB 5/13/2005).

10. The events giving rise to this complaint occurred at Defendant Chick-fil-A's location on April 27, 2022.

11. However, several weeks prior to the events on April 27, 2022, a totally unrelated disturbance occurred at Defendant Chick-fil-A's location on April 8, 2022.

12. On April 8, 2022, Defendant MPD responded to Defendant Chick-fil-A's location for a report of theft and simple assault.

13. The report generated by Defendant MPD indicated that a white male had his food stolen by an unknown black male while sitting outside at Defendant Chick-fil-A's location. The report further indicated that the white male pursued and tackled the unknown black male. Subsequently, several unknown black males assaulted the white male and fled.

14. Defendant MPD's report indicates that during the course of their investigation, surveillance footage was obtained from Defendant Chick-fil-A that captured the incident, to include the faces of each of the unknown black males involved.
15. As a result of the footage, Defendant MPD issued a Be On the Lookout (hereinafter "BOLO") containing the faces of each of the individuals involved in the reported theft and assault.
16. The minor child, A.T. (hereinafter "A.T."), was not present at Defendant Chick-fil-A's location at the time of the incident, and neither was he one of the individuals identified in the BOLO.
17. On April 27, 2022, Defendant Chick-fil-A called Defendant MPD to its location for a report of several "unruly" juveniles.
18. Upon arriving at Defendant Chick-fil-A's location, Defendant MPD detained an individual who was identified as a person who Defendant Chick-fil-A wished to bar from entering its location.
19. During the course of these events, A.T. was present at the Chick-Fil-A location.
20. An officer of Defendant MPD unlawfully and forcefully grabbed and detained the minor A.T.
21. While in their custody, officers employed by Defendant MPD continuously questioned A.T. as to his identity.
22. As A.T. is a minor and was no more than a patron of Chick-Fil-A at the time of the ordeal, he did not identify himself to the MPD officers.
23. As the officers became frustrated with A.T., they instead began alleging that he was one of the unknown black males who participated in the August 8th assault.

24. During the course of the investigation, Defendant MPD asked a woman who represented herself as the owner of the Chick-Fil-A location to identify A.T. as one of the unknown black males who participated in the August 8th assault.
25. Despite the owner not being present at the time of the August 8th assault, she identified A.T. as one of the individuals involved.
26. As the MPD officers still had not obtained A.T.'s name or otherwise verified his identity, they took a photograph of him and forwarded the photograph to a Resources Officer employed by District of Columbia Public school, who ultimately identified the individual in the photograph as A.T..
27. Ultimately, A.T. was arrested by MPD and wrongfully charged with Simple Assault.
28. Subsequently, the charges against A.T. were dismissed as it became patently obvious that he was wrongly identified, and thus, wrongly charged.

***Negligence***

29. As a patron of their establishment, Defendant Chick-Fil-A owed A.T. a duty of care so as not to falsely accuse him of a crime while in their establishment.
30. Likewise, Defendant MPD acted negligently in detaining A.T. without the requisite probable cause.
31. Defendant MPD also acted negligently in arresting A.T., based on no more than an identification of A.T. by the owner of Chick-Fil-A who was not present at the time of the unrelated August 8th assault.
32. Defendant DC Public Schools acted negligently in making a blind identification of A.T. at the request of MPD, without first making inquiries as to the nature of MPD's

contact with the student and minor child.

33. Further, Defendant DC Public Schools acted negligently in assisting in the identification of A.T. as one of the assailants involved in the August 8th assault, without as much as confirming that he was not one of the individuals pictured on the BOLO issued by MPD.

34. On the occasion in question, the damages were caused by the sole negligence of the Defendants, with no contributory negligence on the part ofA.T.

35. As a direct and proximate result of the Defendants' negligence, A.T. suffered severe emotional distress and mental anguish.

36. Plaintiff has incurred, and will continue to incur, ongoing medical expenses for mental healthcare as a result of the severe trauma caused by the Defendants collectively contributing to the wrongful detention and arrest of the minor child A.T..

***Malicious Prosecution***

37. Pursuant to D.C. Code both Defendant falsely initiated criminal proceedings against A.T..

38. There was absolutely no probable cause thatA.T. committed any of the alleged crimes.

39. More importantly, when review of the security footage, you can tell that the individuals involved was not A.T.

40. As a result of these actions, A.T. has suffered irreparable harm and attorney fees for this action.

41. On June 24, 2022, the District of Columbia's Attorney General dismissed the charges against A.T. resulting in a favorable result for A.T.

***Violation of 4th Amendment Constitutional rights***

42. A.T. was stopped and seized by MPD without any reasonable articulable suspicion of any wrongdoing.

43. These actions by MPD violated A.T.'s fourth amendment right to unreasonable search and seizure.

44. As a direct and proximate cause of the actions of MPD, A.T. has suffered irreparable harm.

45. In addition, Plaintiff has incurred certain costs and expenses associated with (any other damages) .

**WHEREFORE**, Plaintiff, respectfully requests the Court award the following relief:

a. An award to Plaintiff for compensatory damages in any and all amount in excess of two hundred and fifty thousand Dollars ($250,000.00);

b. An award of Plaintiff's cost, including attorney's fees; and

c. Such other and further relief as the Court deems fair and just.

Respectfully Submitted,

/s/

Anthony Marsh II, Esq.
*Co-counsel*
D.C. Bar No. 1044280
Counsel to Plaintiff
1629 K Street, NW
Washington, D.C. 20006
(937) 369-1998
amarsh@amissahmarshlaw.com

/s/

A.J. Amissah, Esq.
D.C. Bar No. 1047610
Counsel to Plaintiff
1629 K Street, NW
Washington, D.C. 20006
(703) 655-9148
ajamissah@amissahmarshlaw.com